IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRELL DIXON, #4157-21, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:22-cv-2753-B-BN |
| THE STATE OF TEXAS, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Jerrell Dixon, an inmate at the Ellis County jail, facing prosecution in that county, filed a *pro se* civil rights complaint challenging his being denied access to the jail law library and an attainable bond. *See* Dkt. No. 3.

United States District Judge Jane J. Boyle referred the complaint to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

Through a separate order, the Court will grant Dixon's request for leave to proceed *in forma pauperis* (IFP) [Dkt. No. 4] under the Prison Litigation Reform Act (the PLRA). And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint with prejudice.

**Discussion**

As the Court has explained to Dixon before, under the PLRA, where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify

cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see Dixon v. Texas*, No. 3:22-cv-1941-M-BN, 2022 WL 10187407 (N.D. Tex. Sept. 19, 2022), *rec. accepted*, 2022 WL 10198763 (N.D. Tex. Oct. 17, 2022) (dismissing excessive bail claim with prejudice) (*Dixon I*).

First, insofar as Dixon may again allege that his bail is excessive in violation of the Eighth and Fourteenth Amendments, *see* Dkt. No. 3 at 8, that claim is malicious.

A claim in "[a] complaint is malicious if it duplicates claims involving the same series of events and allegations of many of the same facts asserted by the same plaintiff in prior or pending litigation." *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (per curiam) (citing, as applicable, *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)); *see also Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) ("We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff." (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988))).

And, "[r]eading *Pittman* and *Wilson[ v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989),]* in conjunction, it is clear that the Court may dismiss [a claim] as malicious [where it] would be barred by the principles of *res judicata*, whether or not the prior litigation has ended unsuccessfully for the plaintiff." *McGill v. Juanita Kraft Postal Serv.*, No. 3:03-cv-1113-K, 2003 WL 21355439, at *1 (N.D. Tex. June 6, 2003), *rec. accepted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003).

"Generally, res judicata must be pled as an affirmative defense" under Federal Rule of Civil Procedure 8(c)(1), but the first of "two limited exceptions" to this rule applies here, an exception that "permits '[d]ismissal by the court sua sponte on res judicata grounds ... in the interest of judicial economy where both actions were brought before the same court.'" *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264-65 (5th Cir. 2018) (per curiam) (quoting *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001)).

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted); *accord Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). Those rules bar

> "the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*; *see also Ellis*, 211 F.3d at 937.

*Chalmers v. City of Dall.*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) (citation modified).

The first three conditions are easily met here: as between *Dixon I* and this action, the parties are the same or in privity, and this district court entered a final judgment dismissing the prior case with prejudice.

Taking up the fourth condition, courts in this circuit use "a 'transactional test,'" under which "[t]he critical issue is whether the two suits are based on the 'same

nucleus of operative facts.'" *Chalmers*, 2014 WL 7174289, at *6 (quoting *Test Masters*, 428 F.3d at 571); *see Test Masters*, 428 F.3d at 571 ("Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." (citation omitted)); *see also Alexander v. Hood for State of Miss.*, No. 3:16-cv-00202-GHD-JMV, 2017 WL 3585470, at *3 (N.D. Miss. Aug. 16, 2017) ("[T]he transactional test is [ ] met ... [if] the claims could or should have been brought in the first action. From Plaintiff's factual allegations in all three cases, it is clear that Plaintiff had notice of the facts giving rise to these claims at the time of the first case and that the Section 1983 claims could have been ruled on by that Court.").

Dixon's excessive bail claim here emanates from the same nucleus of operative facts as *Dixon I*. So the Court should dismiss this claim as malicious under the PLRA.

And, to the extent that Dixon amends his excessive bail claim to now state the amount of his bond, *see* Dkt. No. 3 at 8, he still "fails to specify … 'facts concerning the circumstances that might have warranted [the] amount of bail,'" and therefore still fails "to show 'that he was subjected to an unreasonable or arbitrary bail, and he has not alleged a plausible claim' under [42 U.S.C. §] 1983." *Dixon I*, 2022 WL 10187407, at *4 (quoting *Been v. Edwards*, No. CIV-15-1258-F, 2015 WL 9263911, at *4 (W.D. Okla. Dec. 3, 2015); citation omitted).

Dixon also now alleges that his constitutional rights have been violated by his being denied access to the jail law library. *See* Dkt. No. 3 at 3, 6.

Pretrial detainees and prisoners have an established

> constitutional right to access the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, the [United States] Supreme Court's decision in *Bounds* did not establish that prisoners have a right to a law library or legal assistance. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). Rather, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for assuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id.* at 351 (quoting *Bounds*, 430 U.S. at 825). Therefore, a prisoner alleging a violation of *Bounds* must demonstrate an actual injury. *Id.* According to the Supreme Court, the right to access the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Because of the actual injury requirement, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.*

*Mendoza v. Strickland*, 414 F. App'x 616, 618 (5th Cir. 2011) (per curiam); *see also Hopkins v. Ogg*, 783 F. App'x 350, 354 (5th Cir. 2019) (per curiam) ("A prisoner's right of access to the courts is limited to 'the ability of an inmate to prepare and transmit a necessary legal document to a court.'" (citing *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996); *Terry v. Hubert*, 609 F.3d 757, 761-62 (5th Cir. 2010) (applying this principle to pretrial detainees))).

First, insofar as Dixon seeks access to the law library to assist with his defense in a pending criminal proceeding, "the appointment of counsel for [Dixon] in that proceeding satisfies the constitutional requirements," *Story v. Ellis Cnty. Ct. 40th Dist.*, No. 3:19-cv-1994-B-BN, 2019 WL 5580143, at *3 (N.D. Tex. Aug. 30, 2019) (citing *Bounds*, 430 U.S. at 828, 830-31; *Lewis*, 518 U.S. at 351-52), *rec. accepted*, 2019 WL 5579468 (N.D. Tex. Oct. 29, 2019); *see also* Dkt. No. 3 at 6 (response to Dixon's grievance explaining that "it appears you have an appointed attorney by the name of Morgan Taylor" and that it is the jail's policy that "[i]nmates who have legal

representation will not be permitted access to the law library"). *Cf. Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) (per curiam) ("Guided by *Bounds*, many federal circuit courts have held that a prisoner who knowingly and voluntarily waives appointed representation by counsel in a criminal proceeding is not entitled to access to a law library." (collecting cases)).

Otherwise, the facts of Dixon's access claim fails to plausibly allege a constitutional violation under the applicable standards. *See, e.g.*, *Hopkins*, 783 F. App'x at 354 ("[A] prisoner must show that 'his position as a litigant was prejudiced by his denial of access to the courts.' Hopkins has made no showing of prejudice as he does not explain how he would have proceeded with access to a law library, what claims he would have raised, or how those claims would have been meritorious. Accordingly, Hopkins has not established that the district court erred in dismissing his claim for denial of access to the courts." (quoting *Eason*, 73 F.3d at 1328; citations omitted)).

The Court should therefore also dismiss this claim – and the complaint – with prejudice.

### Recommendation

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 13, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE